IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| TYRONE CROSS, | ) |
|        Petitioner, | ) |
| v. | )   Civil Action No. 5:21-00416 |
| D.L. YOUNG, | ) |
|        Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Petition, the undersigned finds and hereby respectfully recommends that such should be dismissed.

## FACT AND PROCEDURE

On July 23, 2021, Petitioner, acting *pro se*,[1] filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) Petitioner claims that he is entitled to a "nearer release transfer" pursuant to the First Step Act. (Id., p. 6.) Petitioner complains that he "is over 500 driving miles from his home in Wisconsin from his family ties." (Id.) Petitioner asserts that the "BOP has failed to implement the First Step Act for 500 driving miles for nearer release transfer." (Id.) As relief, Petitioner requests that this Court directed the BOP to "be in compliance with the First Step

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Act transfer." (Id., p. 7.)

By Order entered on August 2, 2021, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 5.) On August 10, 2021, Respondent filed his Response to the Order to Show Cause. (Document No. 7.) Respondent argues that Petitioner's Petition should be denied based upon the following: (1) "Petitioner failed to exhaust administrative remedies" (Id., pp. 2 - 3); (2) Petitioner is not currently eligible for a nearer home transfer pursuant to the First Step Act (Id., pp. 3 – 6); and (3) "Petitioner's claim is not cognizable in a § 2241 Petition" (Id., pp. 6 – 8).

As Exhibits, Respondent attaches the following: (1) The Declaration of Destiny Spearen (Document No. 7-1, p. 2); (2) A copy of Petitioner's "Public Information Inmate Data As Of 08-09-2021" (Id., pp. 4 – 7.); (3) A copy of Petitioner's "Inmate History ADM-REL" dated August 9, 2021" (Id., p. 9); (4) A copy of the "Administrative Remedy Generalized Retrieval" dated August 9, 2021 (Id., pp. 11 - 15); and (5) A copy of Program Statement 5100.08, Inmate Security Designation and Custody Classification (Id., pp. 17 – 126). By Order and Notice entered on August 11, 2021, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 8.) Petitioner, however, failed to file a Reply.

## **ANALYSIS**

Generally, a federal inmate must exhaust available administrative remedies before filing a writ of habeas corpus in federal court. Boumediene v. Bush, 553 U.S. 723, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)(requiring exhaustion in a Section 2241 action). Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require

prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See Timms v. Johns, 627 F.3d 525, 530-33 (4th Cir. 2010); McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

Unlike the exhaustion requirement for Section 1983 and Bivens actions, the exhaustion requirements for Section 2241 Petitions are judicially imposed. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004). Since the exhaustion requirement for a Section 2241 Petition is judicially imposed, the Court has discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487, * 8 (S.D.W.Va. June 12, 2006)(citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.), cert. denied, 521 U.S. 1131, 118 S.Ct. 2, 138 L.Ed.2d. 1036 (1997)); also see Reeder v. Phillips, 2018 WL 2434003, * 3 (N.D.W.Va. June 12, 2008)(Since the statute authorizing habeas matters does not expressly require administrative exhaustion, the court retains discretion to

3

disregard the exhaustion requirement in "pressing circumstances."). Courts, therefore, have recognized that exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that "[e]xhaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals." Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy); also see Reeder, 2008 WL 2434003, at * 3("Unless the agency is *certain* to rule adversely, however, a petitioner's unsupported prediction of failure does not excuse his lack of administrative exhaustion.")(emphasis added).

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is

4

unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In his Response, Respondent argues that Petitioner's Section 2241 Petition should be denied because Petitioner did not exhaust his administrative remedies. (Document No. 7, pp. 2 - 3.) Respondent notes that Petitioner has never filed an administrative remedy while incarcerated and there is "no evidence he ever requested a nearer release transfer prior to filing this action or that the request was denied." (Id.) To the extent Petitioner argues that the administrative process was unavailable, Respondent contends there were nineteen (19) administrative remedies filed by other inmates from the date of Petitioner's arrival at FCI Beckley (June 8, 2021) until the date Petitioner's filed the above action (July 23, 2021). (Id., p. 3.) Thus, Respondent argues the administrative remedy process was available to Petitioner. (Id.) In support, Respondent submits the Declaration of Destiny Spearen, a Paralegal at the Beckley Consolidate Legal Center. (Document No. 7-1, p. 2.) Ms. Spearen declares that in her position she has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings. (Id.) Ms. Spearen acknowledges that Petitioner "has never filed an

5

administrative remedy while incarcerated with the BOP." (Id.) As an Exhibit, Ms. Spearen attaches a copy of the "Administrative Remedy Generalized Retrieval" revealing that nineteen administrative remedies were submitted by other inmates between June 9, 2021 and July 27, 2021. (Id., pp. 14 - 15.) Petitioner failed to file a Reply disputing the foregoing.

Based upon a review of the record, the undersigned finds that Petitioner failed to fully exhaust his available administrative remedies. As stated above, it is undisputed that Petitioner failed to fully exhaust his administrative remedies concerning the claim contained in his Petition. Petitioner has failed to refute the specific allegations contained in Ms. Spearen's Declaration and the Exhibit in support (Administrative Remedy Generalized Retrieval). (Document No. 7-1.) Accordingly, the undersigned finds that Petitioner clearly failed to exhaust his available administrative remedies concerning his claim when he filed the instant Petition, and he has not demonstrated any facts supporting a finding that the administrative remedy process was futile. Based upon the foregoing, the undersigned respectfully recommends that the District Court dismiss the above action because Petitioner failed to properly exhaust the available administrative remedies prior to filing his Petition.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: March 13, 2024.



Omar J. Aboulhosn
United States Magistrate Judge